IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JONTAE ARON AUSTIN-FISCHIETTIE**

   **Plaintiff,**

v.                                                    No. 2:25-cv-02295-JPM-cgc

**MALCOLM BROWN FUTHEY, III,**
**THE FUTHEY LAW FIRM, PLC and**
**SOUTHERN ROOFING & RENOVATIONS, LLC,**

   **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Motion to Dismiss filed by Defendants Malcolm Brown Futhey, III, the Futhey Law Firm, PLC and Southern Roofing & Renovations, LLC on April 15, 2025. (D.E. # 15) Plaintiff filed his response in opposition on April 21, 2025.

   **I.   Introduction**

Plaintiff's complaint (D.E. # 2) was filed *pro se* on March 13, 2025. Plaintiff paid the filing fee and received the summonses for each defendant to effect service. Plaintiff alleges that Defendants served subpoenas on State Farm General Insurance Company ((D.E. # 2-1, PageID 44 and 89) in the matter of <u>Aron Austin v. Trey Vanlandingham</u>,CT-1250-20, Circuit Court of Tennessee, 30th Judicial District. Plaintiff alleges that the subpoenas were invalid and that the

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

issuing court did not have jurisdiction as the matter was on appeal. Plaintiff claims that this action by Defendants constitutes a violation of 42 U.S.C. § 1985 as his rights and privileges under the Fourth and Fourteenth Amendments of the U.S. Constitution have been violated by Defendants. Plaintiff further claims that Defendants' actions constituted violations of Tenn. Code Ann. § 45-10-107 and 23-2-105(b).

Defendants argue in their motion to dismiss that the complaint should be dismissed for lack of subject matter jurisdiction as the gravamen of Plaintiff's claims sound in state law pursuant to Fed. R. Civ. P. 12(b)(1), insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue in the alternative that the court does not have subject-matter jurisdiction over Plaintiff's state law claims as there is no diversity between Plaintiff and any of the defendants and that there is no reason to exercise supplemental jurisdiction over these claims. Plaintiff responds that Defendant Futhey and Defendant Tennessee Department of Commerce and Insurance violated his Fourth and Fourteenth Amendment rights through the issuance of the subpoenas to State Farm General Insurance Company.

II.     **Proposed Analysis and Recommendations**

In considering a Rule 12(b)(6) motion to dismiss, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir.1996) (quoting Conley v. Gibson, 355

U.S. 41, 45–46 (1957)). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." Conley, 355 U.S. at 45–46. While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). Though liberal, this standard of review requires more than the bare assertion of legal conclusions. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. Id.

It is recommended that Plaintiff's claim for violation of 28 U.S.C. § 1985 be dismissed for failure to state a claim. To establish a violation of § 1985, Plaintiff must show: (1) that the defendants conspired together for the purpose of depriving him of the equal protection of the laws; (2) that they committed an act in furtherance of the conspiracy that caused injury to the plaintiff; and (3) that the conspiracy was motivated by a racial, or other class-based, invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir.1999). Plaintiff makes several conclusory statements regarding the issuance of the subpoenas but does not make any factual assertions touching on any of the elements of a §1985 claim. It is well-settled that a "conclusory allegation of conspiracy is insufficient to state a § 1985 claim." Shepherd v. Veterans Admin., Dep't of Veterans Affairs, No. 93–5769, 1993 WL 524290, at *2 (6th Cir. Dec. 17, 1993); see also Gutierrez v. Lynch, 826 F.2d 1534, 1538–39 (6th Cir.1987); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984). In the matter sub judice, Plaintiff has alleged that all named Defendants have engaged in a conspiracy to deprive him of his constitutional rights, but has

offered not a single factual allegation to support such a charge. To the extent that there were any irregularities with the issuance of the state court subpoena, the appropriate arena for contesting those irregularities is the issuing court.

It is also recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's claims against Defendants alleging violations of Tenn. Code Ann. § 45-10-107 and 23-2-105(b).  There is no independent diversity jurisdiction over these claims because at least two of the defendants are citizens of the state of Tennessee.  "After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims. This presumption follows from the common-sense recognition that our state-court brethren are better equipped to address issues of state law." Hale v. Woodward, 729 F. Supp. 3d 792, 802 (M.D. Tenn. 2024), citing Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Martinez v. City of Cleveland, 700 F. App'x 521, 523 (6th Cir. 2017).

It is further recommended that Plaintiff's Complaint be dismissed for insufficient service of process.  Federal Rule of Civil Procedure 4(c)(1) states that the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).  When serving an individual within a judicial district of the United States, the person may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located where service is made, delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable aga and discretion who resides there or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P.  4(e)  For service on a corporation, the rule provides

4

similarly that service may be made by the means delineated for service on individuals or "by delivering a copy of the summons and complaint to an officer, managing or general agent or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)  The Tennessee Rules of Civil Procedure allow for service of process by mail. Tenn. R. Civ. P. 4.04(10)  Under this rule, the plaintiff is required to "send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant."  If service is being made on a corporation, the return receipt mail shall be addressed to an officer or managing agent of the corporation. Tenn. R. Civ. P. 4.04(4) and (10)

In this case, Plaintiff filed proof of service on March 25, 2025 showing execution of service on defendants Malcolm Brown Futhey III, Southern Roofing & Renovations LLC and The Futhey Law Firm. (D.E. # 8)  Plaintiff attempted to effect service through certified mail, return receipt requested to each of the defendants. (D.E. # 8, PageID 108, 115, and 123)

As to defendants Malcolm Brown Futhey III and The Futhey Law Firm, the defendants argue that the return receipts were signed for by Larry Nance, an attorney practicing in the same building as defendant Futhey. (D.E. # 15-1, PageID 226-7)  Plaintiff responds that the issue of who signed for the mail and whether Mr. Nance was authorized to sign for it is moot because the documents ultimately made it to the Futhey defendants. (D.E. # 18, PageID 357-8)

As to defendant Southern Roofing & Renovations LLC, the defendant offers the verified statement of the registered agent for service of process, Stacey Loft, who states that she did not sign the return receipt and that she does not recognize the signature on the return receipt. (D.E. # 15-2, PageID 231-2)  Plaintiff responds that "service is moot" because the verified statement

5

acknowledges the action. (D.E. # 18, PageID 358)

The burden is on the plaintiff to show that there is proper service of process "for without proper service of process… a court may not exercise personal jurisdiction over a named defendant … and in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012) (internal citations omitted) In a case similar to the matter under consideration, Spencer v. Caracal Int'l, LLC, 516 F.Supp.3d 755 (M.D. Tenn. 2021), defendants moved to dismiss for insufficient service of process arguing that the individual that was served with the summons and complaint was not "an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process" on behalf of the defendant. Id. at 758. The plaintiffs offered the affidavit of their process server who testified that the person that accepted the documents did not refuse to accept service. Id. at 760. The plaintiffs also argued that the defendant ultimately received the documents from the person that was served therefore the defendant was on notice of the lawsuit. Id. at 761. The court found these arguments unavailing and held that the plaintiffs did not meet their burden to show that proper service was made on the defendant. Id. It is recommended that, as in Spencer, the plaintiff here has not sufficiently shown that he secured proper service on any of the defendants in this case.

### III.    Conclusion

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint be dismissed with prejudice as to his 42 U.S.C. § 1985 claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and without prejudice as to his state law claims pursuant to Fed. R. Civ. P. 12(b)(1). In the alternative, it is RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5)

Signed this 28th day of May, 2025.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**