IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONTAE ARON AUSTIN-FISCHIETTIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MALCOLM BROWN FUTHEY, III, )<br>THE FUTHEY LAW FIRM, PLC and )<br>SOUTHERN ROOFING & )<br>RENOVATIONS, LLC, )<br>)<br>Defendants. ) | Case No. 2:25-cv-02295-JPM-cgc |

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANTS' MOTION TO DISMISS

Before the Court is the Report and Recommendation filed by Magistrate Judge Charmiane G. Claxton on May 28, 2025. (ECF No. 26.) The Magistrate Judge recommends the Court grant Defendants Malcolm Brown Futhey, III ("Futhey"), the Futhey Law Firm, PLC ("Futhey Law"), and Southern Roofing & Renovations, LLC's ("SRR's") (collectively, "Defendants'") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), (ECF No. 15). (ECF No. 26 at PageID 471.) No objections were filed. Time having run, the Court finds no clear error on the face of the record and thus **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendants' Motion.

I.      **BACKGROUND**[1]

On March 13, 2025, pro se plaintiff Jontae Aron Austin-Fischiettie ("Plaintiff" or "Fischiettie") filed his Complaint alleging violations of (1) the Fourth and Fourteenth Amendments of the United States; (2) federal civil conspiracy, 42 U.S.C. § 1985; (3) the Tennessee Financial Records Privacy Act, Tennessee Code Annotated § 45-20-207 ("TFRPA"); and (4) state rules governing subpoenas and electronic filing, Tennessee Rule of Civil Procedure 45, Tennessee Rule of Civil Procedure 5B, Tennessee Code Annotated § 23-2-105(b). (See ECF No. 1 at PageID 2, 4; ECF No. 26 at PageID 466.) Plaintiff alleges these violations arise from Defendants' service of allegedly invalid subpoenas on him as part of the matter Aron Austin v. Trey Vanlandingham, CT-1250-20, Circuit Court of Tennessee, 30th Judicial District. (See ECF No. 1 at PageID 5–6; ECF No. 26 at PageID 465–66.) Plaintiff also filed a Motion to Strike a Notice of Appearance and a Motion to Stay. (ECF Nos. 12, 17.)

On April 15, 2025, Defendants filed their Motion to Dismiss. (ECF No. 15.) On May 28, 2025, the Magistrate Judge filed her Report and Recommendation, recommending the Court (1) dismiss Plaintiff's complaint with prejudice as to his 42 U.S.C. § 1985 claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) dismiss Plaintiff's Complaint without prejudice as to his state law claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 26 at PageID 471.) Alternatively, the Magistrate Judge recommended Plaintiff's Complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). (Id.) The same day, the Magistrate Judge entered an Order denying Plaintiff's Motion to Strike a Notice of Appearance and Motion to Stay. (ECF No. 27.)

---

[1] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (Id. at PageID 465–66.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

## II.    LEGAL STANDARDS

### A.  Pro Se Complaints

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). "In assessing the legal sufficiency of a claim, [the Court] may look to documents attached as exhibits or incorporated by reference into the complaint."  Knapp v. City of Columbus, 93 F. App'x 718, 721 (6th Cir. 2004) (citing Amini v. Oberlin Coll., 259 F.3d 493 (6th Cir. 2001)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### B.  Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2).  "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.  The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III.    ANALYSIS

In their Motion to Dismiss, Defendants make six arguments: "(1) [Plaintiff's] federal claims are meritless because Defendants are not government entities; (2) [Plaintiff] asserts no cognizable claims under Tennessee's Financial Records Privacy Act or procedural rules; (3) no

subject matter jurisdiction exists over [Plaintiff's] state law claims; (4) abstention doctrines weigh against exercising jurisdiction; (5) [Plaintiff] did not properly serve any of the Defendants; and (6) SRR's counsel has absolute immunity under the litigation privilege." (ECF No. 15 at PageID 212–13.)

In her Report and Recommendation, the Magistrate Judge disposed of Defendants' Motion by recommending the Court find (1) Plaintiff failed to state a claim for his assertions of violations of federal law; and (2) the Court does not have subject-matter or supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 26 at PageID 467–68.)[2] Because the Parties filed no objections to the Report and Recommendation, the Court reviews the Magistrate Judge's proposed conclusions of law on these arguments for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. The Court addresses each of the Magistrate Judge's recommendations in turn.

### A. Plaintiff's Federal Claims

In his Complaint, Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1985.[3] (ECF No. 2 ¶ 21.) "[T]o state a cause of action under [42 U.S.C.] § 1985, [P]laintiff must allege that [D]efendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was

---

[2] The Magistrate Judge also recommended, as an alternative ground, that Plaintiff's Complaint be dismissed for insufficient service of process. (ECF No. 26 at PageID 468.)
[3] Because "[t]he Constitution does not directly provide for damages," the Court considers Plaintiff's claims for violations of the Fourth and Fourteenth Amendments and his claim for violation of 28 U.S.C. § 1985 together. See Sanders v. Prentice-Hall Corp., 178 F.3d 1296 (Table), at *2 (6th Cir. Feb. 8, 1999).

4

motivated by racial, or other class-based, invidiously discriminatory animus." Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)).

Defendants argue Plaintiff's federal claims pursuant to 28 U.S.C. § 1985 should be dismissed for failure to state a claim because none of the Defendants are state actors. (ECF No. 15-1 at PageID 222.) The Magistrate Judge recommended Plaintiff's claim pursuant to 28 U.S.C. § 1985 be dismissed for failure to state a claim because Plaintiff [made] several conclusory statements regarding the issuance of the subpoenas but [did] not make any factual assertions touching on any of the elements of a [28 U.S.C.] § 1985 claim." (ECF No. 26 at PageID 467.)

The Court finds no clear error with the Magistrate Judge's analysis. Even in reviewing Plaintiff's Complaint in its most liberal construction, the Court finds only conclusory allegations of conspiracy without the factual allegations necessary to underpin Plaintiff's claims. (See ECF No. 2 ¶¶ 9, 21, 27.) Broad, conclusory language, without factual allegations necessary to show the element of conspiracy, is insufficient to show a claim pursuant to 42 U.S.C. § 1985. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).

Furthermore, the Court agrees with the Magistrate Judge, in that "[t]o the extent that there were any irregularities with the issuance of the state court subpoena, the appropriate arena for contesting those irregularities is the issuing court." (ECF No. 26 at PageID 468.)

Because the Court finds no clear error with the Magistrate Judge's analysis, the Court adopts her conclusion as to Plaintiff's federal claims. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. Accordingly, Plaintiff's claim pursuant to 42 U.S.C. § 1985 is **DISMISSED WITH PREJUDICE** for failure to state a claim.

### B.    Plaintiff's State Claims

The remainder of Plaintiff's claims are pursuant to Tennessee state law. (See ECF No. 2 ¶¶ 13, 16, 21.) Because of this, the Court has subject-matter jurisdiction over Plaintiff's state claims only if it has diversity jurisdiction. See Hale v. Woodward, 729 F. Supp. 3d 792, 801 (M.D. Tenn. 2024) (citing 28 U.S.C. § 1332). Alternatively, the Court may exercise supplemental jurisdiction to keep the claims in federal court. See id. at 802 (citing 28 U.S.C. § 1367).

Defendants argue there is no diversity jurisdiction because the Parties are all citizens of Tennessee. (ECF No. 15-1 at PageID 224.) Defendants then argue the Court should not exercise supplemental jurisdiction because, after dismissal of the federal claims with prejudice, the Court would have "no particular interest in retaining any state-law claims that may remain." (Id.)

The Magistrate Judge concurred with Defendants' arguments. (ECF No. 26 at PageID 467–68.) The Magistrate Judge recommended the Court find neither independent diversity jurisdiction nor supplemental jurisdiction. (Id.)

The Court finds no clear error with the Magistrate Judge's analysis. There is no diversity jurisdiction because the Parties are all citizens of Tennessee. See 28 U.S.C. 1332(a)(1); (ECF No. 15-1 at PageID 224 (citing ECF No. 2 ¶¶ 4–7).) Supplemental jurisdiction is also improper because "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996). Such a presumption arises from "the common-sense recognition that our state-court brethren are better equipped to address issues of state law." Martinez v. City of Cleveland, 700 F. App'x 521, 523 (6th Cir. 2017). Given this presumption, and the fact that Plaintiff has not rebutted this presumption, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. See Hale, 729 F. Supp. 3d at 802.

Because the Court finds no clear error with the Magistrate Judge's analysis, the Court adopts her conclusion as to Plaintiff's state law claims. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. Accordingly, Plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

IV.    **CONCLUSION**

Upon review, the Court finds no clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.[4]

**SO ORDERED** this the 18th day of June, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court grants Defendants' Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), it does not address the Magistrate Judge's alternative recommendation that Plaintiff's Complaint be dismissed without prejudice for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (See ECF No. 26 at PageID 471.)